George M. Gatlin and Hettie H. Gatlin v. Commissioner.
Gatlin v. Commissioner
Docket No. 44157.
United States Tax Court
1953 Tax Ct. Memo LEXIS 262; 12 T.C.M. (CCH) 495; T.C.M. (RIA) 53158; May 5, 1953
*262 Jackson L. Bailey, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined deficiencies in income tax for the years 1947 and 1948 against petitioners and added 50 per cent for fraud in accordance with Section 293 (b) of the Internal Revenue Code, as follows: Year
Deficiency
Addition for fraud
1947
$12,641.58
$6,320.79
1948
11,002.62
5,501.31
Petitioners are husband and wife and reside at Sandersville, Mississippi. They filed their joint income tax returns for the years in question with the collector of internal revenue for the district of Alabama. Their petition, filed with this Court, not only challenged the basic deficiency and contested the charge of fraud, but also alleged that the year 1947 was barred by the statute of limitations. As to the latter point, the Commissioner, by amended pleading, alleged that petitioners had executed consents extending the period for assessment, and, at the trial, offered such consents in evidence. We find as a fact that petitioners executed timely consents extending the period of limitations for assessment, and that the *263 present proceedings were instttuted within the period as thus extended. Petitioners did not appear at the trial either in person or by counsel. The burden of proof as to the basic deficiencies was upon them, and since they failed to present any evidence whatever, we must approve the Commissioner's determination in this respect. The 50 per cent so-called fraud penalty was based upon Section 293 (b) of the Code which authorizes the addition of 50 per cent of the total amount of the deficiency if any part thereof "is due to fraud with intent to evade tax." The burden of proof as to fraud is on the Commissioner, and we think it has been met in this case. The understatements of income and the taking of unallowable deductions were of such character as to satisfy us that the returns were tainted with fraud. Petitioner George M. Gatlin was the sole proprietor of a sawmill and lumber business known as the Vinegar Bend Lumber Company. For the years 1947 and 1948 the returns understated income from sales in the amounts of $15,351.71 and $22,201.31. Such understatements were achieved by failing to take into account various sales to certain of petitioner's customers. At least for the year *264 1948, work sheets of the Vinegar Bend Lumber Company showed explicitly sales which had in fact been made but which were omitted from the returns for that year. And we are fully convinced by other evidence in the record that sales for both years 1947 and 1948 were not reflected in the returns for such years. Also, we are satisfied that deductions to which petitioners had no right were taken on the returns for both years. Thus, petitioner George M. Gatlin arbitrarily wrote up, entirely without justification, a "stumpage" cost account by $3,700 which he claimed as a deduction. We do not find it necessary to recount all of the evidence, which we have carefully examined; we are convinced that at least part of the deficiency for each year was due to fraud, and we so find as a fact. Decision will be entered for the respondent.